IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 73,787






MICHAEL WAYNE HALL, Appellant



v.



THE STATE OF TEXAS





ON REMAND FROM 


THE SUPREME COURT OF THE UNITED STATES





 Holcomb, J., filed a dissenting opinion.


O P I N I O N 



 I do not dispute that, in general, this Court can properly take judicial notice on direct appeal of a
habeas proceeding, consider the evidence developed at a hearing on habeas, and afford almost total
deference to a trial judge's determination of the historical facts supported by the record. However, in this
case, determining appellant's claim of mental retardation by considering the evidence developed on habeas
in addition to that adduced at trial does not provide appellant with a constitutionally sufficient opportunity
and process to resolve his claim. Also, based on the deficiencies in the habeas proceeding, we should not,
in this case, afford the trial court's finding on habeas almost total deference. 

 I discussed many of my reasons for these conclusions in my dissent in Ex parte Briseno, 2004 Tex.
Crim. App. LEXIS 199, including the fact that Ring v. Arizona, 536 U.S. 584 (2002), requiring a jury
determination of certain issues, applies to mental retardation. Recognizing that this Court's majority holding
in Briseno is now the law, I continue to find deficiencies in the habeas proceeding on which this Court relies
in deferring to the trial court's determination and in arriving at its own conclusion. 

 Nowhere in Hall's habeas proceeding was there a burden of proof or standard of review
enunciated. The convicting court made findings and conclusions, but we do not know under what standard
of proof the court made its conclusions- preponderance of the evidence, clear and convincing evidence,
or beyond a reasonable doubt. Furthermore, Hall was not provided with a live evidentiary hearing. Hall
was not able to cross examine the affiants and the judge was not able to evaluate their credibility. By
according almost complete deference to the trial court's determination based on the procedure used on
habeas, and by reaching our own conclusions based in part on the evidence adduced by affidavit on
habeas, we fail to provide a procedure that reflects the need for heightened procedural requirements in
determining whether a defendant may be put to death. 

 I think this Court should reconsider, sua sponte, our determination on Hall's writ of habeas corpus
and order the convicting court to conduct a live evidentiary hearing and evaluate the evidence under the
preponderance of the evidence standard articulated in Briseno. Barring that course of action, I would find
that a rational jury could have found that the significant evidence adduced in favor of a finding of mental
retardation outweighed the significant evidence adduced against such finding. I would therefore find that
appellant has met his burden to be granted the relief he seeks, commutation to a life sentence. Because this
Court follows neither course I have laid out, I respectfully dissent.


Date delivered: May 5, 2004

Publish